CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 16, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **REECE GENE MULLINS,** | )<br>) |
| Plaintiff, | )<br>) Case No. 7:23CV00149<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **SOUTHWEST REGIONAL JAIL AUTHORITY DUFFIELD VA, ET AL.,** | ) J UDGE J AMES P. J ONES<br>)<br>) |
| Defendants. | )<br>) |

*Reece Gene Mullins, Pro Se Plaintiff; Joseph A. Piasta, J OHNSON, A YERS & M ATTHEWS P.L.C., Roanoke, Virginia, for Defendants.*

The plaintiff, a Virginia inmate, filed this action under 42 U.S.C. § 1983, raising claims alleging failure to protect and use of force by officers at the Southwest Virginia Regional Jail Authority (SWVRJA).[1] The defendants have filed a Motion to Dismiss, and Mullins has responded making the matter ripe for consideration. Based on the allegations of the Amended Complaint, I conclude that the Motion to Dismiss must be granted in part and denied in part.

---

[1] In the Amended Complaint, Mullins identified this defendant as the Southwest Regional Jail Authority in Duffield, Virginia. I will refer to this entity by its official name.

I. BACKGROUND.

Mullins alleges the following sequence of events related to his claims. On November 25, 2022, Mullins was housed on the top tier of Pod 4-A at the SWVRJA facility in Duffield as a pretrial detainee. An inmate on the bottom tier of that housing unit had a "protective keep away" order against Mullins. Am. Compl. 2, ECF No. 41. While the inmates on the bottom tier were out of their cells for morning "medicine pass," Officer Riner allegedly came to Mullins cell on the top tier and asked "did [he] want out for medicine pass." *Id.* Mullins alleges that jail authority protocol did not allow inmates from the two tiers to be out of their cells at the same time and did not allow an inmate with a keep away order to be out of his cell with the inmate who was the subject of that order.

Mullins elected to leave his cell. Mullins asserts that these events "resulted in [Mullins] getting into a fight with another inmate." *Id.* at 2-3. During this altercation, Riner "came down from top tier and grabbed [Mullins] from behind." *Id.* at 3. Riner's actions "resulted in [Mullins'] left bicep being tor[n] also the left pectoral muscle." *Id.* Mullins alleges that his bicep was visibly out of place on the side of his left arm, the arm turned purple, and he could not properly use it.

Mullins received medical treatment for his injuries. The jail's medical staff told him that he had a pulled muscle and advised him to run hot water on it. Several days later, officers transported Mullins to "Marion Health Institute" and pictures

were taken of the injured areas. *Id.* Several weeks later, jail officials sent Mullins to a physical therapist for treatment. The therapist allegedly said that Mullins would "never regain full use of his left arm." *Id.*

After the incident, Mullins asked Riner about what happened. Riner allegedly told Mullins that Officer Wheale "told [Riner] to let [Mullins] out." *Id.* Mullins asserts that the actions taken by Wheale and Riner violated SWVRJA policy.

Mullins initially filed this § 1983 action in March 2023. In response to the defendants' prior Motion to Dismiss, Mullins filed the Amended Complaint that is now the operative pleading in the case. As defendants, he names the SWVRJA, Riner, and Wheale, seeking monetary and declaratory relief. Liberally construed, the Amended Complaint alleges these claims: (1) Wheale and Riner were deliberately indifferent to Mullins' safety when they allowed him to leave his cell with inmates from the bottom tier, despite a keep separate order that a bottom tier inmate had placed against him; (2) Riner used excessive force against Mullins; and (3) SWVRJA is liable for the actions of its staff that caused harm to Mullins.

II. DISCUSSION.

A. The Standard of Review.

"A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint." *Mays ex rel. Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).[2] In considering a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mullins presents his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

B. The Jail Authority.

Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the

---

[2] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). The entity's official policy or custom must have played a part in the alleged violation of federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).

      Mullins has not stated facts showing that jail authority policies caused or influenced in any way the actions of the officers about which he complains — letting inmates from two tiers out of their cells at the same time, using force against Mullins, and offering allegedly insufficient medical treatment. On the contrary, Mullins alleges that officers violated jail authority policy or procedures by ordering or allowing him to be out of his cell while another tier of inmates was at large. Moreover, allegations that the defendants did not follow their own policies or procedures, standing alone, do not amount to constitutional violations. *Riccio v. Cnty. of Fairfax,* 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than Constitution requires, state's failure to abide by that law is not federal due process issue). Finally, the Jail Authority and the individual defendants, who are not medically trained, can rightfully rely on the medical

judgments of the professional medical staff as to the appropriate course of treatment for an inmate's injuries. *Miltier ex rel. Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). Therefore, I conclude that all claims against the SWVRJA must be dismissed.[3]

### C. Pretrial Detainee Claims.

Mullins expressly asserts that when his claims arose, he was a pretrial detainee. It is well settled that pretrial detainees possess a constitutional right derived from the Due Process Clause of the Fourteenth Amendment "not [to] be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The defendants, however, have based their arguments in this motion on the Eighth Amendment standards that are applied to inmates who have been convicted of a crime. *Farmer v. Brennan*. 511 U.S. 825, 832 (1994). Courts have previously used Eighth Amendment standards to evaluate pretrial detainee claims under the Fourteenth Amendment. *Short ex rel. Short v. Hartman*, 87 F.4th 593, 606-07 (4th Cir. 2023). But in December 2023, after the defendants filed their motion, the Fourth Circuit held that under *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), "a pretrial detainee can prevail by providing only

---

[3] I also find that Mullins has not alleged facts showing that the other defendants, Wheale and Riner, had any personal involvement whatsoever in providing him with medical care or determining the proper course of care appropriate for his injuries. Therefore, I do not construe the Amended Complaint as raising any claim about medical care against these defendants.

objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."

> To state a claim for failure to protect from attack by another detainee, a pretrial detainee first must allege an objectively serious deprivation of his rights in the form of a serious or significant physical or emotional injury or substantial risk of either injury. This inquiry requires this Court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Then, as for any Fourteenth Amendment claim, the plaintiff must allege that the injury or risk of injury resulted from the defendant's action or inaction, and that the governmental action [he] challenge[s] is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose.

*Prigg v. Balt. Cnty. Dep't of Corr.*, No. DLB-23-48, 2024 WL 1012885, at *5 (D. Md. Mar. 8, 2024).

Taking Mullins' allegations in the light most favorable to him, Officer Wheale ordered Officer Riner to let Mullins out of his cell for pill pass while bottom tier inmates were undertaking that activity, despite knowing that an inmate from that group had a "keep separate" order against Mullins, and Riner allowed Mullins to leave his cell. The Complaint does not indicate how the altercation between inmates began. Thus, I conclude that at this stage of the litigation, Mullins has alleged facts sufficient to survive the Motion to Dismiss as to defendants Wheale and Riner on his claim that they failed to protect him from violence by another inmate. Of course, on summary judgment, the defendants may be able to prove otherwise.

Mullins also claims that Riner used excessive force when intervening in the inmate altercation that day. The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Rodwell v. Wicomico Cnty.*, No. DKC 22-3014, 2024 WL 1178202, at *8 (D. Md. Mar. 19, 2024). In presenting an excessive force claim, a pretrial detainee must state facts showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. The court makes this determination "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 397. To evaluate the reasonableness of the force used, the court should consider:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

According to Mullins' allegations, Riner intervened in an inmate altercation, using force significantly harsh in order to tear Mullins' muscles in his left arm and shoulder, causing permanent damage. At this stage of the litigation, neither party has provided details about the nature of the fight between Mullins and the other inmate, who started it, or how threatening it was to the security of the facility. They also provide no details about what efforts officers made to end the altercation without

any use of force. Thus, I conclude that the Motion to Dismiss as to Mullins' excessive force claims must be denied.

III. CONCLUSION.

For the reasons stated, it is hereby **ORDERED** that the defendants' Motion to Dismiss, ECF No. 42, is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to all claims against the SWVRJA,[4] and the motion is denied as to the claims of failure to protect against defendants Riner and Wheale and the claim of excessive force by defendant Riner. These defendants are directed to file an Answer and any Motion for Summary Judgment within thirty days from the date of the entry of this Opinion and Order.

ENTER: July 16, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

[4] The clerk is directed to terminate SWVRJA as a party to this lawsuit.